# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **TROY PETERSON,** ) | |
| Plaintiff, ) | |
| ) | **Civil Action No. 7:16cv00217** |
| v. ) | **MEMORANDUM ORDER** |
| ) | |
| **E. BARKSDALE, Warden, et al.,** ) | By: Hon. Pamela Meade Sargent |
| Defendants. ) | United States Magistrate Judge |
| ) | |

The matter is before the court on the Defendants' Motion To Dismiss, (Docket Item No. 13), ("Motion"). Based on the arguments of the parties and counsel, and for the reasons stated below, the Motion will be **DENIED.**

Troy Peterson, ("Peterson"), an inmate housed in the Virginia Department of Corrections, ("VDOC"), at Red Onion State Prison, ("Red Onion"), filed this case pursuant to 42 U.S.C. § 1983 against defendants E. Barksdale, the Warden of Red Onion, P. Scarberry, Kitchen Supervisor, and N. Gregg, Dietician.[1] The facts alleged in the Complaint are sparse. Peterson simply listed who the defendants were and stated:

> I have written many request[s] and complaints about the trays not having the right foods or there not being a healthy diet (2000 calories). I've explained [we're] only getting 1000 calories or less.
> … The vegetarian trays are unhealthy and there is no [vegetarian] menu (diet). All they do is take the meat off and put beans on.

---

[1] Peterson also sued "The Food Services Company," but on defense counsel's representation that no such entity existed, the court previously dismissed Peterson's claims against that entity by Order dated November 28, 2016, (Docket Item No. 18).

1

> … I have lost 40 lb. in 6 months. I eat my whole tray [b]ut I can't maintain my health (lost weight). I am sick and getting rashes.

(Complaint, (Docket Item No. 1), at 2.) Peterson seeks compensatory and punitive damages and injunctive relief ordering the defendants to provide a healthy vegetarian diet of at least 2000 calories a day.

The Motion argues that Peterson's claims should be dismissed because he has failed to allege facts sufficient to support a claim under § 1983 against the defendants. The Motion also argues that Peterson has failed to allege direct personal involvement by each defendant sued. In his response to the Motion, Peterson stated:

> Defendant E. Barksdale is the warden and overseer of Red Onion he let this happen and did nothing even after it was reported (many times).
> Defendant P. Scarberry runs the kitchen [therefore] all trays (meals) have to have her OK.
> Defendant N. Gregg … made the menu.

(Docket Item No. 16.)

Federal Rules of Civil Procedure Rule 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Twombly*, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." 550 U.S. at 555

(quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted). Additionally, the Court established a "plausibility standard" in which the pleadings must allege enough to make it clear that relief is not merely conceivable, but plausible. *See Twombly*, 550 U.S. at 555-63.

The Court further explained the *Twombly* standard in *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009):

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. … Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. …
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

(Internal citations omitted).

The Eighth Amendment to the U.S. Constitution not only prohibits excessive sentences, but it also protects inmates from inhumane treatment and conditions while imprisoned. *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). Allegations of inadequate food for human nutritional needs are sufficient to state a

cognizable constitutional claim, so long as the deprivation is serious and the defendant is deliberately indifferent to the need. *See Shrader v. White,* 761 F.2d 975, 986 (4th Cir. 1985) (citing *Bolding v. Holshouser*, 575 F.2d 461 (4th Cir. 1978)); *see also Wilson v. Seiter*, 501 U.S. 294, 303-04 (1991). Also, the Fourth Circuit has ruled that a pro se litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

In this case, Peterson alleges that he has received inadequate food which has caused weight loss and health problems. The allegations in this case appear similar to those in *Wilson v. Johnson*, 385 F. App'x 319 (4th Cir 2010). Among other allegations raised, the plaintiff in *Wilson* alleged that the food service staff at the correctional center where he was held had provided "minute" food portions which had caused him to lose 12 pounds of weight in one month's time. *See Wilson*, 385 F. App'x at 320. The district court had dismissed the claim under 28 U.S.C. § 1915A(b) for failing to state a claim. The Fourth Circuit vacated the dismissal of this claim and remanded, finding that the dismissal of the claim prior to a response from the defendants was premature. *See Wilson*, 385 F. App'x at 320. The Fourth Circuit reasoned that, under *Gordon*, 574 F.2d at 1151, Wilson might be "able to prove sufficient facts to support his Eighth Amendment claim…" *Wilson*, 385 F. App'x at 320. The same is true in this case. Therefore, I find that Peterson's Complaint adequately pleads a claim under the Eighth Amendment based on inadequate nutrition.

The defendants also argue that Peterson's claim should be dismissed because he has failed to allege direct personal involvement by each particular defendant.

*See Wright v. Collins*, 766 F.2d 841, 850 (4th Cir 1985) ("[i]n order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights.…'") (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). While sufficient allegations against each of the defendants may not be contained on the face of the Complaint, it is clear that Peterson could amend to state sufficient allegations because he has done so in his response to the Motion. In his response, he states that defendant Scarberry runs the kitchen and approves all meals served. Peterson states that defendant Gregg, as Dietician, made the menu served. He also alleges that defendant Barksdale knew of the inadequate nutrition provided and did nothing to intervene. I find that these facts adequately allege direct personal involvement by each individual defendant.

Rather than grant the Motion and then grant Peterson time to file an amended complaint, I will construe Peterson's response as a motion to amend, and I will allow the Complaint to be amended to contain the facts alleged in the response. Based on this, I will deny the Motion.

Therefore, it is **ORDERED** as follows:
1. The pro se plaintiff's response to the Motion, (Docket Item No. 16), is construed as a motion to amend his Complaint. That motion is **GRANTED**, and the Complaint is amended with the facts contained in the response;
2. Defendants' Motion To Dismiss, (Docket Item No. 13), is **DENIED**;
3. The defendants shall file their answers to the Complaint, as amended, within 14 days of the date of entry of this Memorandum Order;

4. The defendants shall file motions for summary judgment by no later than April 14, 2017; and

5. The Clerk's Office shall set this case for bench trial in the Big Stone Gap Division at least 120 days from the date of entry of this Order.

Copies of this Memorandum Order will be certified to all counsel of record and to the unrepresented plaintiff.

ENTERED: March 20, 2017.

s/ *Pamela Meade Sargent*<br>UNITED STATES MAGISTRATE JUDGE